# CHARLESTON

HOLLEY, SHERIFF *v.* LINCOLN COUNTY LAND ASSOCIATION.

Submitted January 16, 1912.   Decided February 4, 1913

1. TAXATION—*Delinquent Taxes—Collections—Proceedings—Notice —Intervention.*

   Though notice to the tax debtor is not required or essential in the proceeding for the collection of taxes provided by Code 1906, ch. 30, sec. 15, yet, in a proper case, he may intervene in such proceedings. (p. 729).

2. SAME—*Delinquent    Taxes—Enforcement—Garnishment—Proceedings—Intervention of Taxpayer.*

   One against whom taxes are assessed, which taxes are sought to be collected by the garnishment proceeding provided by Code 1906, ch. 30, sec. 15, can not intervene in that proceeding and be heard against the validity of the assessment unless he shows that he had no opportunity to contest the validity of the assessment in a proceeding begun before the board of review and equalization as provided by Acts 1907, ch. 80, sec. 18. (p. 731).

Error to Circuit Court, Lincoln County.

Action by Joel Holley, as Sheriff, etc., against the Lincoln County Land Association and others. From a judgment in fa-

vor of plaintiff, defendant George L. Estabrook and others, trustees, etc., bring error.

*Affirmed.*

*Campbell, Brown & Davis,* for plaintiffs in error.

ROBINSON, JUDGE:

The Sheriff of Lincoln County proceeded under Code 1906, ch. 30, sec. 15, for the collection of taxes assessed against the Lincoln County Land Association. That officer gave notice in writing to the Eureka Pipe Line Company to appear before the Circuit Court of the county on a day fixed, there to answer respecting oil in its possession belonging to the land association, so that the oil might be ordered sold for the payment of the taxes. The pipe line company answered the notice, setting forth the amount of oil in its hands. At the same time, the land association appeared and filed its petition in the proceeding, alleging that the assessment was illegal and invalid and that the taxes constituted no charge on the property sought to be sold. Upon a hearing of this petition the court dismissed it. Of this dismissal the land association complains by writ of error.

The proceeding authorized by the statute named, and under which the sheriff proceeded, is no more than a summary garnishment for the collection of taxes. The statute does not require notice to the tax debtor. This absence of notice is not unusual in ordinary garnishment proceedings. Where the debtor has had notice in the principal action, notice to the debtor is not essential in garnishment for the collection of the judgment, unless required by statute. 14 Amer. & Eng. Enc. Law 756. In a garnishment for taxes, the notice of the assessment which the tax payer has, or with which the law charges him, is analogous to the notice in the principal action in ordinary cases. In such a case, the assessment proceeding is the principal action, and the assessment itself the judgment.

Though notice to the tax debtor is not by the statute made essential to the garnishment proceeding, yet when the tax debtor appears and intervenes in the proceeding it would seem that, upon a proper showing, he should be heard. The court is dealing with his property; surely it will hear him in relation to the same if

he comes with a good case. Certainly he will be permitted to show that the tax sought to be recovered from his property is totally void by reason of fundamental defects which gave no jurisdiction for the assessment, provided of course that he can take his case out of the rule which requires him exclusively to complain against such invalidity in the ordinary statutory way for the correction of erroneous assessments. Under our recent decision in *West Virginia National Bank* v. *Spencer et al.,* decided this term, he would have to take his case clearly out of the statute there construed and applied. Acts 1907, ch. 80, sec. 18. He would have to exonerate himself plainly from the force of that statute, which requires every owner of property liable to assessment to apply for relief from erroneous assessment to the board of review and equalization or be precluded thereafter from questioning his assessment. Perhaps the person charged with taxes can do this if he had absolutely no property liable to assessment, so that he had nothing to put him on notice of the assessment against him. But only a showing that he was not chargeable with notice which should have caused him to apply for relief to the board of review and equalization, or a showing of some other equally weighty reason why he did not so apply, will excuse him from not doing so. The mere illegality of the assessment will not do. That can be tested in the proceeding before the board. He must show that which excuses him for not resorting to that proceeding.

We hold that if the person charged with taxes which are sought to be collected from his property in the hands of another, by the statutory garnishment to which we have referred, intervenes with a good case from which he is not precluded by reason of his failure to seek relief by a proceeding begun before the board of review and equalization, he may be heard. The garnishment proceeding is one to collect the tax. If the tax is invalid, and he comes with a sufficient showing, why should he not be permitted directly to strike at the invalidity of the tax in the very proceeding by which it is sought to be collected?

Now, the land association, by its petition, came and said that it did not have the property which was assessed—that the property was not at all in existence at the period of assessment for the year as to which the tax was entered, 1909. It showed that the

assessment was made, not by the assessor, but by the board of review and· equalization, on the initiative and motion of that board. It alleged that the assessment thus put on the books by the board was founded only on an estimate, for the year 1909, of the produce of oil royalties reserved in leases of its lands, which royalties of course had not accrued for that year at the period of the assessment therefor. It maintained that the lands were taxed; that the royalties were not taxable. Thus it claimed that the tax was illegal and invalid.

But the petition of the land association did not show that it had no notice of the assessment in time to test the same by a proceeding begun before the board of review and equalization and by appeal therein, as provided by the statute. It did not show that it had no opportunity to test the validity of the assessment in that manner. For all that appears by the petition, the board made this assessment after due notice to the land association and full opportunity for it to object to the same and to appeal therefrom. Want of notice of the assessment cannot be assumed. Again, for all that appears from the petition, the land association may have contested the making of this assessment before the board. If it did so, or had opportunity to do so, it could not be heard in this proceeding for the collection of the taxes. Its remedy was by a proceeding begun before the assessment board; and if it chose not to take advantage of that remedy, the assessment is foreclosed against it. For failure to show grounds which would excuse the land association for not testing the legality of the assessment in the manner provided by Acts 1907, ch. 80, sec. 18, and sec. 129, the petition was insufficient to warrant any relief in the garnishment proceeding. *West Virginia National Bank* v. *Spencer, supra.*

The petition was properly dismissed. The order will be affirmed.

*Affirmed.*